Dear Senator Branch:
This office is in receipt of your opinion request wherein you ask us to consider the following:
 (1) Does state law allow the Co-op Waterworks in Independence to pay their five commission members, when the by-laws of the waterworks allegedly prohibit compensation?
The provision of Louisiana law that applies to your inquiry is LSA-R.S. 33:3819, stating in pertinent part:
 A. The commissioners of each waterworks district may meet as often as necessary, but shall meet at least once every three months. . . .The parish governing authority in the parish in which each waterworks district is located may fix the per diem to be paid to each of the members of the board of commissioners of the respective waterworks districts in an amount not to exceed sixty dollars for each meeting they attend up to and including twenty-four meetings in each year and for each special meeting not to exceed twelve special meetings per year. Per diem provided by this Section shall be paid out of the district funds in the hands of the treasurer; however, no elected official serving as a member of the board of commissioners shall receive any per diem for attending meetings of the board. (Emphasis added.)
According to this provision, the Tangipahoa parish governing authority is allowed to fix a per diem for the members of the waterworks board of commissioners. Any provision within the bylaws of the commission which provide for additional compensation to the waterworks commissioners in excess of that allowed by law must fall as in conflict with state law.
 (2) Does Louisiana law allow a waterworks commissioner to also be a paid employee of the same waterworks district?
In your letter, you advise us that the by-laws of the Co-op Waterworks provide that a commissioner may not also be an employee of the same waterworks district. The bylaws track a similar Louisiana provision prohibiting such a situation under the Dual Officeholding and Dual Employment Laws. LSA-R.S. 42:64, pertaining to incompatible offices, provides:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers.
* * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
The instant matter falls within this section, as an employee of the waterworks district is hired by and works for the waterworks district and commissioners.
To summarize, the commissioners of a waterworks district are by state law allowed to receive only a per diem for the meetings they attend and commission by-laws may not afford a greater compensation when same is limited by state law. A waterworks commissioner is prohibited by both the by-laws of the Co-op Waterworks and state law on dual office-holding from simultaneously holding employment with the same waterworks district.
If this office may be of any further assistance to you, please contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 27, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL